# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DAVID HOUSE, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) Judge |
| | ) Magistrate Judge |
| UWT LOGISTICS, LLC, | ) |
| | ) Jury Demand |
| Defendant. | ) |

## COMPLAINT

For his Complaint against Defendant UWT Logistics, LLC ("Defendant"), Plaintiff David House ("Mr. House") states:

## PARTIES

1. Mr. House formerly worked for Defendant as a picker in its Memphis warehouse.

2. Defendant is a Tennessee limited liability company with its principal place of business at 823 East Holmes Road, Memphis, Tennessee 38116-8239. Defendant may be served with process through its registered agent, David W. Ozier, 823 East Holmes Road, Memphis, Tennessee 38116-8239.

3. Defendant operates several warehouses within the Western District of Tennessee. At all relevant times, Defendant employed more than 15 individuals.

## JURISDICTION AND VENUE

4. This is an action for damages and equitable relief for unlawful employment practices brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4). Venue is proper under 28 U.S.C. § 1391.

5. Mr. House has met all conditions precedent to the filing of this Complaint. He timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about November 20, 2015. The EEOC mailed him a Notice of Right to Sue on March 29, 2018.

**FACTS**

6. Mr. House is an African-American individual who worked for Defendant as a picker in its Memphis warehouse through a staffing agency from early June 2015 until Defendant discharged him on or about September 16, 2015. At all relevant times, Defendant controlled the manner and means of Mr. House's work in its warehouse and directed him in the job tasks he performed on its behalf.

7. Mr. House was qualified for and performed his job with Defendant in an excellent manner. Defendant never disciplined or wrote up Mr. House during his employment.

8. During Mr. House's employment, Defendant engaged in a pattern and practice of discriminating against him and other African-American employees in the terms, conditions and privileges of employment because of race. The racially disparate treatment consisted of paying Mr. House and other African-Americans less than similarly situated, non-African-American employees for the same or equivalent work; not paying or timely paying them amounts of compensation that they had earned and amounts that it did pay non-African-American employees; making race-based discriminatory comments about African-Americans; and not providing Mr. House and other African-Americans the same or equivalent employment and earnings opportunities that it provided similarly situated, non-African-American employees, including providing less desirable orders and order sizes, fewer work hours, and sabotaging Mr. House's and other African-American employees' work efforts in an effort to make them appear

less productive and/or quit their jobs, among other discriminatory acts. In engaging in this pattern and practice of discrimination and disparate treatment, Defendant violated Title VII and Section 1981.

9. Defendant did not subject non-African-American or Hispanic employees to the disparate treatment and discrimination to which it subjected Mr. House and other African-American employees.

10. Defendant further retaliated against Mr. House because of his opposition to the discriminatory conduct and disparate treatment described above.

11. Mr. House opposed, reported and complained to Defendant's non-African-American managerial agents multiple times during his employment about the discrimination and disparate treatment to which he was subjected.

12. Following his reports of discriminatory conduct Defendant failed and refused to take any corrective or remedial action and continued to discriminate against him in the terms, conditions and privileges of employment because of his race.

13. Moreover, following his reports, Defendant's non-African-American supervisors subjected Mr. House to retaliatory harassment, intimidation and further disparate treatment and discrimination, and discharged him on or about September 16, 2015.

14. Defendant's alleged reason for discharging Mr. House is a pretext for discrimination and/or retaliation. In engaging in the discriminatory and retaliatory conduct described herein, Defendant violated Title VII and Section 1981.

15. As described above, Defendant discriminated against Mr. House in the terms, conditions and privileges of employment, including job conditions and earnings and employment

and earnings opportunities, and subjected him to disparate treatment because of his race, in violation of Title VII and Section 1981.

16. As described above, Defendant retaliated against Mr. House because of his opposition to and complaints about its illegal discriminatory conduct, in violation of Title VII and Section 1981.

17. Defendant's conduct as described in this Complaint was malicious and/or recklessly indifferent to Mr. House's federally protected rights, entitling him to punitive damages under Title VII and Section 1981.

18. As a direct result of Defendant's discriminatory and retaliatory conduct, Mr. House lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life; and incurred attorneys' fees, costs and litigation expenses.

## RELIEF REQUESTED

WHEREFORE, Mr. House respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life;

4. Front pay and damages for lost benefits;

5. Punitive damages;

6. Attorneys' fees, costs and litigation expenses;

7. Prejudgment interest and, if applicable, post judgment interest; and

8. Such other and further legal or equitable relief to which he may be entitled.

Respectfully submitted,

s/Douglas B. Janney III
Douglas B. Janney III (TN BPR No. 19112)
Law Office of Douglas B. Janney III
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615) 742-5900
doug@janneylaw.com

*Attorney for Plaintiff*